Judge Marc L. Barreca
Chapter 13

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In Re:

Derek Allen Watson and Megan Melissa Watson,

Debtors.

Case No. 22-11270-MLB

Chapter 13

**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

341(a) MEETING:
DATE: Sept.14, cont'd to Sept. 28, 2022
TIME: 11:00 a.m.
PLACE: Via teleconference

CONFIRMATION HEARING:
DATE: Oct. 12, 2022
TIME: 9:00 a.m.
CTRM: Everett ZoomGov

Secured creditor Washington Federal ("Creditor"), secured creditor of the above-entitled debtors, Derek Allen Watson and Megan Melissa Watson (collectively "Debtors"), hereby objects to the Chapter 13 Plan filed by Debtors in the above-referenced matter on September 7, 2022 (Dkt. No. 24). The objection is based on Debtors' Chapter 13 Plan (Dkt. No. 24), Debtors' Schedule (Dkt. No. 25), Creditor's Proof of Claim, the Declaration of Robert A. Bailey (Dkt. No. 31), and on such additional submissions and arguments as may be

{100047/002330/00635455-2 }
OBJECTION TO CONFIRMATION
OF CHAPTER 13 PLAN -1

CASE NO: 22-11270-MLB

LAGERLOF LLP
701 PIKE STREET, SUITE 1560
SEATTLE, WA 98101
PHONE: 206-492-2300

Case 22-11270-MLB    Doc 33    Filed 09/28/22    Ent. 09/28/22 09:10:51    Pg. 1 of 8

presented at or before the confirmation hearing.

## I. INTRODUCTION

There are multiple grounds for the rejection of Debtors' Chapter 13 Plan. It is infeasible due to Debtors' lack of disposable income, contains inconsistencies and misrepresentations, and is unspecific as to when the listing and sale of the property secured by Creditor will occur. Based on the foregoing and as further set forth below, Creditor respectfully requests that the Court deny confirmation of Debtors' Chapter 13 Plan.

## II. STATEMENT OF FACTS

1. On October 16, 2015, Debtors executed a promissory note (the "Note") from Creditor wherein Creditor agreed to loan them the principal amount of $670,000. Proof of Claim ("POC")[1], p. 28-30. Debtors additionally granted Creditor a Deed of Trust on the property located at 17520 Marine Drive, Stanwood, Washington (the "Property") that secured repayment of the Note. *Id.* at 8-27.

2. The monthly payment owed on the Note is $4,522.23 and it is in arrears of $176,772.91. *Id.* at 4.

3. Debtors have vacated the Property no later than December 2021. Dkt. No. 31, ¶ 2. Furthermore, it was found that the Property has deteriorated and is currently uninhabitable. *Id.*; **Ex. 1**, p. 8[2] to Dkt. No. 31.

4. On October 4, 2022, Debtors filed the instant Chapter 13 bankruptcy petition. Dkt. at 1.

5. On September 7, 2022, Debtors filed their Chapter 13 Plan (the "Plan") providing for monthly payments to the Trustee in the total amount of $5,500 for 36 months. Dkt. No. 24, p. 1 (Item III). Of the sum paid to the Chapter 13 Trustee, Creditor will be paid

---

[1] Proof of Claim filed by Creditor on September 12, 2022.
[2] See Lines 16-25.

{100047/002330/00635455-2 }
OBJECTION TO CONFIRMATION
OF CHAPTER 13 PLAN -2

CASE NO: 22-11270-MLB

LAGERLOF LLP
701 PIKE STREET, SUITE 1560
SEATTLE, WA 98101
PHONE: 206-492-2300

$4,522 per month. *Id.* at 3.

6. The Plan states that Debtors shall list the Property for sale in order to pay all claims in full. *Id.* at 5 (Item X.1). However, the Plan does not state any specific deadlines as for when the Property will be listed and/or sold.

7. On September 7, 2022, Debtors filed Schedules I and J reflecting a monthly net income of $7,920. Dkt. No. 25, p. 29 (Item 23.c).

8. There are material misstatements, inconsistencies, and deficient information in the Schedule including the following:

    8.1 Schedule I states Debtor 1 (Derek Allen Watson) receives $9,000 a month from rental property and from operating a business. *Id*. at 26 (Item 8). However, no statement has been attached for each property and business showing gross receipts, ordinary and necessary business expense, and the total monthly net income as required. Additionally, no other property is listed other than the Property in Debtors' Schedule. *Id.* at 1 (Item 1). Furthermore, Debtor 1 stated at the Meeting of Creditors that he does not own a business. No explanation for the income Debtor 1 receives in Line 8 of Schedule I is provided.

    8.2 Schedule J fails to state Debtors' taxes deducted from pay. *Id.* at 28 (Item 16).

### III. ARGUMENT

The provisions of 11 U.S.C. § 1325 set forth the requirements for the Court to confirm a Chapter 13 Plan. The burden is on the debtor to demonstrate that the plan meets the conditions essential for confirmation. *Warren v. Fidelity & Casualty Co. of N.Y. (In re Warren)*, 89 B.R. 87, 93 (B.A.P. 9th Cir. 1988). For the reasons detailed herein, Debtors fail to meet this burden.

**A. Debtors' Plan is Not Filed in Good Faith**

There are several inconsistencies, misrepresentations, and deficient information to

{100047/002330/00635455-2 }
OBJECTION TO CONFIRMATION
OF CHAPTER 13 PLAN -3

CASE NO: 22-11270-MLB

LAGERLOF LLP
701 PIKE STREET, SUITE 1560
SEATTLE, WA 98101
PHONE: 206-492-2300

Case 22-11270-MLB    Doc 33    Filed 09/28/22    Ent. 09/28/22 09:10:51    Pg. 3 of 8

Debtors' Plan. For a plan to be confirmed, the bankruptcy code requires that it be proposed in good faith. 11 U.S.C. § 1325(a)(3). The Ninth Circuit has held:

> Fundamentally, the good faith inquiry assesses whether the debtor has misrepresented facts in his plan, unfairly manipulated the Bankruptcy Code, or otherwise proposed his Chapter 13 plan in an inequitable manner.

*In re Sisk*, 962 F.3d 1133, 1150 (9th Cir. 2020)(internal quotations omitted)(citing *In re Goeb*, 675 F.2d 1386, 1390 (9th Cir. 1982). The Ninth Circuit in *Sisk* further states:

> Instead, the good faith analysis should be a fact-intensive examination of the totality of the circumstances.

*Id.*(citing *In re Welsh*, 711 F.3d 1120, 1131 (9th Cir. 2013).

Based on the numerous inconsistencies and misrepresentations in Debtors' Plan alone, the Court should find it was not proposed in good faith. A threshold discrepancy involves the simple question of where the Debtors' live. In their Petition they swore they lived at 17520 Marine Drive, Stanwood, Washington. Dkt. No. 1, item 5. As shown in WaFd's motion for relief from stay, they do not reside in that property because that property is uninhabitable. See Dkt. No. 31. That the Debtors do not reside in that property is confirmed by the plan itself when it lists payments on the WaFd loan secured by that property under "Payments on Claims . . . Secured by Real Property *Other than the Debtor's Principal Residence.*" Dkt. No. 31, IV.C.2. Then in Part 2 of Schedule J, Debtors list what is apparently a residential rental expense of $2,500. Dkt. No. 25. Even Debtors' scheduling of the loan secured by this property is inaccurate and misleading. In Schedule D, Part 1, item 2.2, Debtors list the value of the property secured by the WaFd loan as "$0.00" and assert that the entire balance of the loan is unsecured. Dkt. No. 25. Yet, according to the Plan, Debtors plan to use the proceeds from the sale of that valueless property to pay all claims in full.

{100047/002330/00635455-2 }
OBJECTION TO CONFIRMATION
OF CHAPTER 13 PLAN -4

CASE NO: 22-11270-MLB

LAGERLOF LLP
701 PIKE STREET, SUITE 1560
SEATTLE, WA 98101
PHONE: 206-492-2300

Case 22-11270-MLB    Doc 33    Filed 09/28/22    Ent. 09/28/22 09:10:51    Pg. 4 of 8

As another example, Debtors' statement of income lists income of $5,000 per month for Debtor 2 and $197 for Debtor 1 from other sources. Yet, their income on Schedule I includes $9,000 per month in income for Debtor 1 (Mr. Watson) who the schedule indicates is not employed and who advised the trustee he does not own a business. There is no explanation for this discrepancy.

Debtors also fail to list any expenses for taxes on their income. Dkt. No. 25, p. 28 (Item 16). Additionally, Debtor 1, marked as Derek Allen Watson, states he is receiving $9000 for rental property and from operating a business, or farm. *Id.* at 26 (Item 8). Yet Debtors provide no statements "for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income" as required by the Schedule. Furthermore, if Debtors are deriving money from rental income in Item 8 of the Schedule, no property is listed except for the property secured by Creditor. See *Id.* at 1 (Item 1). Debtor 1 also stated in the Meeting of Creditors that he does not own a business. Due to the lack of information, inconsistencies, and misrepresentations in Debtors' plan, the Court should find it was not proposed in good faith.

Additionally, the Plan states that the Property will be sold to pay all claims. Dkt. No. 24, p. 5 (Item X.1). However, the Plan does not state any specific deadlines as for when the Property will be listed and/or sold. The centerpiece of Debtors' Plan is chronologically vague further substantiating the lack of good faith. Any plan proposed by Debtors should set a deadline as to when the Property will be listed and sold because Debtors' Plan relies on the sale of the Property to pay all claims. This is especially important when, as here, the Property is currently deteriorating and losing value. Alternatively, the Plan should provide a surrender of the Property to Creditor pursuant to 11 U.S.C. 1325(a)(5)(C).

B.  **Debtors' Plan Not Feasible and Not in the Best Interest of Creditors**

Pursuant to the bankruptcy code, the Court may only confirm a plan if Debtors are able

{100047/002330/00635455-2 }
OBJECTION TO CONFIRMATION
OF CHAPTER 13 PLAN -5

CASE NO: 22-11270-MLB

LAGERLOF LLP
701 PIKE STREET, SUITE 1560
SEATTLE, WA 98101
PHONE: 206-492-2300

Case 22-11270-MLB    Doc 33    Filed 09/28/22    Ent. 09/28/22 09:10:51    Pg. 5 of 8

to make all payments under the plan and to comply with the plan. 11 U.S.C. § 1325(a)(6). Debtors Plan provides for monthly payments to the Trustee in the total amount of $5,500 for 36 months. Dkt. No. 24, p. 1. Of the sum paid to the Chapter 13 Trustee, Creditor will be paid $4,522 per month. *Id.* at 3. As a threshold matter, this proposal is simply not possible if Debtors' statement of income is to be believed. That document says they only make $5,197 per month, gross. This is not enough to cover the $5,500 per months payments called for by the plan.

Debtors filed Schedules I and J reflecting a monthly net income, after expenses, of $7,920. Dkt. No. 25, p. 29 (Item 23c). However, Debtors fail to provide any expense for taxes. *Id.* at 28 (Item 16). Debtors' monthly income is listed as $14,497. *Id.* at 26 (Item 12). This is assuming the income of $9,000 per month listed by Debtor 1 (Derek Allen Watson) is even credible since Debtors failed to provide any supporting documentation, did not list any rental properties other than the Property, and Debtor 1 stating at the Meeting of Creditors that he did not own a business. *Id.* at 26 (Item 8a). A plan is not feasible if the debtor is unemployed or the debtors' future earnings are uncertain. *See In re Manes,* 67 BR 16 (E.D.Ar.Bk. 1986).

Debtors here list their total monthly expenses to be $6,577. *Id.* at 29 (Item 22c). Assuming Debtors are married and filing jointly, this would provide them with a tax rate of 24%[3] and a monthly tax expense of approximately $3,479.28 that should be added to their expenses. Debtors failed to schedule any tax liability or any other deductions from payroll. Debtors' total monthly expenses should approximately be $10,056.28 providing them with a net income of $4,422.72. This amount is deficient as to what they intend to pay to pay the Trustee and the payments to be made to Creditor. Accordingly, the Court should find Debtors' Plan is infeasible.

---

[3] See married filing jointly tax bracket.

{100047/002330/00635455-2 }
OBJECTION TO CONFIRMATION
OF CHAPTER 13 PLAN -6

CASE NO: 22-11270-MLB

LAGERLOF LLP
701 PIKE STREET, SUITE 1560
SEATTLE, WA 98101
PHONE: 206-492-2300

Case 22-11270-MLB    Doc 33    Filed 09/28/22    Ent. 09/28/22 09:10:51    Pg. 6 of 8

### C. The Plan Fails to Adequately Address WaFd's Secured Debt

To be confirmable, a plan must adequately address the amounts owed to secured creditors. 11 U.S.C. §§ 1322(b)(3),(5) and 1325(a)(5)(A-C). The Plan here appears to be proposing that WaFd retain its lien and is paid under the plan pursuant to 11 U.S.C. § 1325(a)(5)(B). However, Debtors Schedules do not adequately reflect the amount of the debt and the valuation of the property at $0.00 indicates that selling the property will not generate adequate funds to pay WaFd's secured loan as required by Section 1325(a)(5)(B).

Additionally, Debtors have not made any pre-confirmation plan payments despite having obtained the order for relief more than almost 60 days ago and 23 days having passed from the filing of the Plan. The plan also allocates $4,000 of the first $5,500 plan payment not to WaFd but to their counsel. As such, Debtors cannot comply with the equal monthly payment requirement of 11 U.S.C. § 1325(a)(5)(B)(iii)(I). This provision has the effect of impermissibly modifying WaFd's right to equal payments on its secured loan. See *In re Maike*, 179 F.Supp.3d 750, 759 (ED MI 2016; see also *In re Romero*, 539 BR 557, 560 (ED.WI.Bk. 2015).

### IV. CONCLUSION

Based on the foregoing, Debtors' Plan was not proposed in good faith and is infeasible. Accordingly, it should be rejected.

Dated: September 28, 2022        **LAGERLOF LLP**

*s/ Robert A. Bailey*
Robert A. Bailey, WSBA No. 28472
701 Pike Street, Suite 1560
Seattle, WA 98101
Email: rbailey@lagerlof.com
*Counsel for Washington Federal*

{100047/002330/00635455-2 }
OBJECTION TO CONFIRMATION
OF CHAPTER 13 PLAN -7

CASE NO: 22-11270-MLB

LAGERLOF LLP
701 PIKE STREET, SUITE 1560
SEATTLE, WA 98101
PHONE: 206-492-2300

Case 22-11270-MLB    Doc 33    Filed 09/28/22    Ent. 09/28/22 09:10:51    Pg. 7 of 8

# DECLARATION OF SERVICE

I hereby declare under penalty of perjury of the laws of the State of Washington and the United States of America that on this 28th day of September 2022, I caused to be delivered a copy of the Objection to Confirmation of Chapter 13 Plan to be served to all parties registered on ECF at their respective ECF registered e-mail addresses, including:

Jacob DeGraaff, WSBA No. 36713
*Attorney for Derek and Megan Watson*

Jason Wilson-Aguilar, WSBA No. 33582
*Attorney for Chapter 13 Trustee*

Signed this 28th day of September 2022 at Seattle, Washington.

*s/ Karrie Blevins*
Karrie Blevins, Paralegal
Lagerlof LLP

{100047/002330/00635455-2 }
OBJECTION TO CONFIRMATION
OF CHAPTER 13 PLAN -8

CASE NO: 22-11270-MLB

LAGERLOF LLP
701 PIKE STREET, SUITE 1560
SEATTLE, WA 98101
PHONE: 206-492-2300

Case 22-11270-MLB    Doc 33    Filed 09/28/22    Ent. 09/28/22 09:10:51    Pg. 8 of 8